**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MID-CONTINENT CASUALTY COMPANY,
a foreign corporation,

       Plaintiff,

vs.

MEDALLION HOMES GULF COAST, INC., a Florida corporation, JOSEPH MOLINARO and SHARON MOLINARO, citizens of Florida, PIOUS THOMAS, a citizen of Florida, ALTAF QAYOOM and CATHLEEN C. GREENEY, citizens of Florida, TOM FRANCISCO and JANE A. FRANCISCO, a citizens of Florida, LAWRENCE PAOLI and DONNA PAOLI, citizens of Florida, MARCOS SANTIAGO and CARMEN SANTIAGO, citizens of Florida, PATRICK McSHANE and JING-YI McSHANE, citizens of Florida, RICHARD JANSSEN, a citizen of Florida, CARGOR PARTNERS III-PARISH LC, a Florida corporation, and CARGOR PARTNERS, IV-BOBCAT LC, a Florida corporation,

       Defendants.

CASE NO: 8:10-cv-01595-JSM-EAJ

_____/

## AMENDED COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Mid-Continent Casualty Company ("MCC"), sues the Defendants, Medallion Homes Gulf Coast, Inc. ("Medallion"), Joseph and Sharon Molinaro ("Molinaro"), Pious Thomas ("Thomas"), Altaf Qayoom and Cathleen C. Greeney (collective "Qayoom/Greeney"), Tom Francisco and Jane Francisco ("Francisco"), Lawrence and Donna Paoli ("Paoli"), Marcos and Carmen Santiago ("Santiago"), Patrick and Jing-Yi McShane ("McShane"), Richard Janssen ("Janssen"), Cargor Partners III-Parish LC ("Cargor Partners-Parish"), and Cargor Partners, IV-Bobcat LC ("Cargor Partners-Bobcat") for declaratory relief as follows:

## NATURE OF ACTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 and 2202 for the purposes of determining an actual controversy between the parties as to the scope of MCC's duty to defend and indemnify under its contracts of insurance with Medallion.

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper, pursuant to 28 U.S.C. §1332(a), since the amount in controversy exceeds $75,000, exclusive of interest and costs, and this civil action is between citizens of different states.

3. Venue is proper in the United States District Court for the Middle District of Florida, Tampa Division, because one or more defendants reside here, the events or omissions giving rise to the claims set forth below occurred here, and one or more of the projects are located here.

4. All conditions precedent to the institution of this action have occurred, been performed or have been waived.

## THE PARTIES

5. The plaintiff, MCC, is an Ohio corporation with its principle place of business in Tulsa, Oklahoma.

6. The defendant, Medallion, is a Florida corporation with its principle place of business in Manatee County, Florida.

7. The defendants, Molinaro, are Florida citizens residing in Bradenton, Florida.

8. The defendant, Thomas, is a Florida citizen residing in North Port, Florida.

9. The defendants, Qayoom/Greeney, are Florida citizens residing in North Port, Florida.

10. The defendants, Francisco, are Florida citizens residing in North Port, Florida.

11. The defendants, Paoli, are Florida citizens residing in North Port, Florida.

12. The defendants, Santiago, are Florida citizens residing in North Port, Florida.

13. The defendants, McShane, are Florida citizens residing in North Port, Florida.

14. The defendant, Janssen, is a Florida citizen residing in North Port, Florida.

15. The defendant, Cargor Partners-Parish, is a Florida corporation with its principle place of business in Bradenton, Florida.

16. The defendant, Cargor Partners-Bobcat, is a Florida corporation with its principle place of business in Bradenton, Florida.

## FACTUAL ALLEGATIONS

17. Medallion is a developer that builds homes and residential communities and then sells the homes to prospective buyers/homeowners.

18. Under information and belief, Cargor Partners-Bobcat and Cargor Partners-Parish were/are joint venture or partners of Medallion for the construction of some, if not all, of the operative homes in this lawsuit.

19. Medallion built two projects in Manatee and Sarasota Counties known as the "Country Meadows" and the "Bobcat Trail" (collectively the Projects").

20. The Projects include, among other things, homes and residential communities, which were primarily built between 2006 and 2009.

21. After the homes and communities were completed and/or put to their intended use, Medallion began to receive complaints from homeowners regarding Chinese drywall.

22. Medallion was sued by the homeowners in the following lawsuits: *Sean Payton, et al. v. Knauf KG, et al.*, E.D. La., Case No. 09-07628 and *David Gross, et al. v. Knauf Gips KG, et al.*, E.D. La., Case No. 09-06690 (collectively the "Underlying Action").[1]

---

[1] The Underlying Actions complaints are comprised of over a thousand pages with exhibits. Under information and belief, Medallion is in possession of the complaints. Upon request, however, MCC will provide a copy of the publicly maintained complaints to counsel once they make an appearance.

3

23. In the Underlying Actions, homeowners seek damages allegedly caused by Medallion's defective work/defective product. These damages include the cost to remove and replace the defective work/defective product, the removal and replacement of all of the drywall, the replacement of other property such as air-conditioning and refrigerator coils, microwaves, faucets, utensils, copper tubing, electrical wiring, computer wiring, personal property, furnishings, electronic appliance, and other metal surfaces and household items. They also seek the repair or replacement of any materials contaminated or corroded by the drywall and economic damages such as diminution of the value of the home.

24. In addition, the Underlying Actions also seeks equitable relief by way of injunctive, medical and environmental monitoring.

25. The alleged damages arose out of sold homes which were occupied.

26. Homeowners also seek in the Underlying Actions, the costs of moving while the home is being repaired, the cost of renting a comparable home while the repairs are taking place, loss of use of enjoyment, and loss of use of value of the home due to stigma.

27. Finally, the homeowners allege bodily injury and negative health effects.

28. Each of the all defendants are proper parties as their rights may be affected by this Court's declaration.

## **POLICY PROVISIONS**

29. MCC entered into contracts of insurance with Medallion (the "Policies"). The Policies include:

> Policy No. 04-GL-000617859, from 1/20/06 to 1/20/07, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, with a deductible of $10,000 per claim;
>
> Policy No. 04-GL-000660477, from 1/20/07 to 1/20/08, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, with a deductible of $10,000 per claim;

Policy No. 04-GL-000702658, from 1/20/08 to 1/20/09, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, with a deductible of $5,000 per claim;

Policy No. 04-GL-000744191, from 1/20/09 to 1/20/10, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, with a deductible of $5,000 per claim;

Policy No. 04-GL-000779625, from 1/20/10 to 1/20/11, with limits of $1,000,000 each occurrence, $2,000,000 general aggregate, with a deductible of $5,000 per claim.

* * *

Copies of the Policies are attached as Composite Exhibit "A."

30. The Policies contain the following relevant provisions:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance doe not apply. We may at our discretion investigate any occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in Section III – Limits of Insurance; and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments Coverages A and B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period; and

5

  c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

**2.**  **Exclusions**

 This insurance does not apply to:

* * *

 **b.** **Contractual Liability**

  "Bodily injury" or "property damage" for which the insured is   obligated to pay damages by reason of the assumption of liability in a    contract           or agreement. This exclusion does not apply to liability for       damages:

 **(1)** That the insured would have in the absence of the contract or agreement; or

 **(2)** Assumed in a contract or agreement that is an "insured contract", provided the 'bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorney fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" or "property damage", provided:

 **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract"; and

 **(b)** Such attorney fees and litigation expenses are for defense of that party against a civil or alternative dispute resolution proceeding in which damages to which this insurance applies are alleged.

* * *

 **f.** **Pollution**

  **(1)** "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":

  **(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. However, this subparagraph does not apply to:

  **(i)** "Bodily injury" if sustained within a building and caused by smoke, fumes, vapor or soot produced by or originating from equipment that is used to heat,

cool or dehumidify the building, or equipment that is used to heat water for personal use, by the building's occupants or their guests;

**(ii)** "Bodily injury" or "property damage" for which you may be held liable, if you are a contractor and the owner or lessee of such premises, site or location has been added to your policy as an additional insured with respect to your ongoing operations performed for that additional insured at that premises, site or location and such premises, site or location is not and never was owned or occupied by, or rented or loaned to, any insured, other than that additional insured; or

**(iii)** "Bodily injury" or "property damage" arising out of heat, smoke or fumes from a "hostile fire";

**(2)** Any loss, cost, or expense arising out of any:

**(a)**   Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants", or

**(b)**   Claim or "suit" by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".

However, this paragraph does not apply to liability for damages because of "property damage" that the insured would have in the absence of such request, demand, order or statutory or regulatory requirement, or such claim or "suit" by or on behalf of a governmental authority.

* * *

**j.**     **Damage To Property**

"Property damage" to:

**(1)**    Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another s property;

**(2)**    Premises you sell, give away or abandon, if the property damage arises out of any part of those premises;

**(3)**    Property loaned to you;

**(4)**    Personal property in the care, custody or control of the insured;

  **(5)** That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

  **(6)** That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

  Paragraph **(2)** of this exclusion does not apply if the premises are "your work" and were never occupied, rented or held for rental by you.

  Paragraph **(6)** of this exclusion does not apply to "property damage" included in the "products completed operations hazard".

* * *

**k.** **Damage To Your Product**

  **"**Property damage" to "your product" arising out of it or any part of it.

***

**m.** **Damage To Impaired Property Or Property Not Physically Injured**

  "Property damage" to "impaired property" or property that has not been physically injured, arising out of:

  (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

  (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

  This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

**n.** **Recall Of Products, Work Or Impaired Property**

  Damages claimed for any loss, cost or expense incurred by you or others for the loss of use, withdrawal, recall, inspection, repair, replacement, adjustment, removal or disposal of:

  (1) "Your product";

  (2) "Your work"; or

  (3) "Impaired property";

8

    if such product, work, or property is withdrawn or recalled from the market or from use by any person or organization because of a known or suspected defect, deficiency. inadequacy or dangerous condition in it.

***

## SECTION II – WHO IS AN INSURED

 1. If you are designated in the Declarations as:

   b. A partnership or joint venture, you are an insured. Your members, your partners, and their spouses are also insureds, but only with respect to the conduct of your business.  Your managers are insured, but only with respect to their duties as your managers.

   c. A limited liability company, you are an insured.  Your members are also insureds, but only with respect to the conduct of your business.  Yours mangers are insureds, but only with respect to their duties as your managers.

   d. An organization other than a partnership, joint venture or limited liability company, you are an insured.  Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors.  Your stockholders are also insureds, but only with respect to their liability as stockholders.

 2. Each of the following is also an insured:

  Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company) but only for acts within the scope of their employment by your or while performing duties related to the conduct of your business.

* * *

  No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

* * *

9

**SECTION V- DEFINITIONS**

\*\*\*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

8. "Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:

   a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or

   b. You have failed to fulfill the terms of a contract or agreement;

   if such property can be restored to use by:

   a. The repair, replacement, adjustment or removal of "your product" or "your work"; or

   b. Your fulfilling the terms of the contract or agreement.

\*\*\*

15. "Pollutants" mean any solid, liquid, gaseous or vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

16. "Products-completed operations hazard":

    a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

       (1) Products that are still in your physical possession; or

       (2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

          (a) When all of the work called for in your contract has been completed.

          (b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

          (c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

14482968v1 912845 56475

      Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed.

  b. Does not include "bodily injury" or "property damage" arising out of:

    (1) The transportation of property, unless the injury or damage arises out of a condition in or on a vehicle not owned or operated by you, and that condition was created by the "loading or unloading" of that vehicle by any insured;

    (2) The existence of tools, uninstalled equipment or abandoned or unused materials; or

    (3) Products or operations for which the classification, listed in the Declarations or in a policy schedule, states the products completed operations are subject to the General Aggregate Limit.

17. "Property damage" means:

  a. Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

  b. Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

***

21. "Your product":

  a. Means:

    (1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

    (a) You;

    (b) Others trading under your name; or

    (c) A person or organization whose business or assets you have acquired; and

    (2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

  b. Includes:

14482968v1 912845 56475

        (1)    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        (2)    The providing of or failure to provide warnings or instructions.

   c.    Does not include vending machines or other property rented to or located for the use of others but not sold.

22.    "Your work" means":

   a.    Means:

        (1)    Work or operations performed by you or on your behalf; and

        (2)    Materials, parts or equipment furnished in connection with such work or operations.

   b.    Includes:

        (1)    Warranties or representatives made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

        (2)    The providing of or failure to provide warnings or instruction.

***

31.    The Policies contain the following relevant endorsements:

**EXCLUSION—DAMAGE TO WORK PERFORMED BY SUBCONTRACTORS ON YOUR BEHALF  (CG 22 94 10 01)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

    Exclusion l. of Section I-Coverage A – Bodily Injury And Property Damage Liability is replaced by the following:

2.    Exclusions

    This insurance does not apply to:

        l. Damage To Your Work

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

***

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# EXCLUSION – DESIGNATED WORK
**(Policy No. 04-GL-000779625)**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART
PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

**SCHEDULE**

**Description of your work:**

**ALL OPERATIONS CONDUCTED USING DRYWALL PRODUCTS CONTAINING SULFUR OR SULFUR DERIVATIVES, WHETHER PERFORMED BY YOU ON YOUR BEHALF, OR UNDER YOUR SUPERVISION OR MANAGEMENT.**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance does not apply to "bodily injury" or "property damage" included in the "products-completed operations hazard" and arising out of "your work" shown in the Schedule.

*Form CG 21 34 01 87 - Page 1 of 1*

\*\*\*

**COUNT I – THERE IS NO DUTY TO INDEMNIFY FOR DAMAGES THAT DO NOT CONSTITUTE PROPERTY DAMAGE OR TO DEFEND OR INDEMNIFY TO THE EXTENT THE DAMAGES DID NOT TAKE PLACE DURING THE POLICY PERIODS**

32.   MCC realleges paragraphs 1 through 31 as paragraph 32 of Count I.

33.   MCC's duty to indemnify is limited to pay damages because of property damage caused by an occurrence.  To the extent Medallion is seeking to recover from MCC the cost to repair and replace defective work/defective product, as opposed to damage caused by defective work/defective product, or damages for economic losses in the nature of the diminished value of the Projects, such damages do not meet the definition of property damage.

34. MCC's duty to indemnify is limited to property damage that occurs during the policy periods. To the extent Medallion is seeking to recover from MCC any damages that did not take place during one or more of the MCC policy periods, MCC has no duty to defend or indemnify Medallion under those Policies.

35. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to indemnify and in particular to:

   a. Whether MCC has an obligation to indemnify Medallion for the cost to remove and replace the defective work/defective product;

   b. Whether MCC has an obligation to indemnify Medallion for the cost to remove, repair and replace undamaged property in order to remove and replace the defective work/defective product for which no coverage is provided under the Policies;

   c. Whether MCC has an obligation to indemnify Medallion for economic damages in the nature of the diminished value of the Projects;

   d. Whether MCC has an obligation to indemnify Medallion for any equitable relief such as the recall the materials used to construct the Projects; and

   e. Whether MCC has an obligation to indemnify Medallion for only those damages, if any, that took place during the policy periods and if no damage took place during that policy period whether MCC has a duty to defend Medallion.

36. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, constitute property damage under the Policies.

37. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

   a. Take jurisdiction over this matter;

      b.     Find and declare that MCC's obligation under the Policies is limited to indemnifying Medallion for property damage, if any, as that term is defined in the Policies;

      c.     Find and declare that MCC's obligation under the Policies is limited to indemnifying Medallion for property damage, if any, that took place during the policy periods and if no property damage took place during the policy periods that MCC has no obligation to defend or indemnify Medallion; and

      d.     Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT II – NO DUTY TO DEFEND AND INDEMNIFY TO THE EXTENT THE POLLUTION EXCLUSION AND/OR THE CHINESE DRYWALL ENDORESEMENT APPLY OR FOR DAMAGES EXCLUDED FROM COVERAGE UNDER THE POLICIES

38. MCC realleges paragraphs 1 through 31 as paragraph 38 of Count II.

39. The Policies contain the your product, damage to work performed by subcontractors on your behalf, pollution, impaired property, recall, Chinese drywall endorsement (Policy No. 04-GL-000779625), damage to property, and contractual liability exclusions, each of which limit, in whole or in part, MCC's obligation to defend and/or indemnify Medallion.

40. In view of the foregoing, an actual and present controversy exists between the parties as to the scope of MCC's obligation to defend and/or indemnify Medallion.

41. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to what damages, if any, are covered under the Policies.

42. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

      a.     Take jurisdiction over this matter;

  b. Find and declare that MCC's obligation under the Policies is limited to indemnifying Medallion for damages, if any, not excluded by the Policies;

  c. Find and declare that MCC has no obligation under the Policies to defend or indemnify Medallion if the pollution exclusion and/or Chinese drywall endorsement apply; and

  d. Enter any other order the Court deems proper under the evidence and circumstances.

## COUNT III – NO DUTY TO INDEMNIFY FOR EQUITABLE RELIEF, INCLUDING MEDICAL AND ENVIRONMENTAL MONITORING UNDER THE POLICIES

43. MCC realleges paragraphs 1 through 31 as paragraph 43 of Count III.

44. MCC's duty to indemnify is limited to pay damages because of bodily injury or property damage caused by an occurrence.

45. In view of the foregoing, a present actual controversy exists between the parties as to the scope of MCC's obligation to indemnify Medallion and in particular to:

  a. initiate and pay for medical monitoring;

  b. identify each and every home with defective drywall;

  c. test every home in which defective drywall may be found;

  d. retain experts/consultants to analyze the drywall in any way;

  e. temporarily relocating the homeowners;

  f. to recall and/or to repurchase the home; and

  g. initiate and pay for environmental monitoring.

46. Without this Court's declaration, the parties cannot settle, as the parties are in doubt as to whether equitable relief, including medical and environmental monitoring, constitutes damages, bodily injury and/or property damage under the Policies.

14482968v1 912845 56475

47. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

Wherefore, MCC respectfully requests this Court to:

    a.    Take jurisdiction over this matter;

    b.    Find and declare that MCC is not obligated under the Policies to pay for the costs to initiate and pay for medical/environmental monitoring or for any other equitable relief; and

    c.    Enter any other order the Court deems proper under the evidence and circumstances.

### COUNT IV – DECLARATORY RELIEF
### JOINT VENTURE IS NOT AN INSURED

48. MCC realleges paragraphs 1 through 31 as paragraph 48 of Count IV.

49. Under Section II- WHO IS AN INSURED in the MCC Policies, no organization or person is an insured with respect to the conduct of any past or present joint venture that is not shown as a named insured in the policy's declarations.

50. The Medallion and Cargor Partners-Parish and/or Cargor Partners-Bobcat joint venture(s) was not a named insured in the MCC Policies.

51. There is no coverage for Medallion to the extent the Projects were built, in whole or in part, by the joint venture.

52. Pursuant to 28 U.S.C. §§2201 and 2202, this Court has the power to declare the rights and obligations of MCC under the Policies.

WHEREFORE, MCC respectfully requests that this Court:

    a.    Take jurisdiction over this matter;

    b.    Find and declare that MCC is not obligated under the Policies to indemnify Medallion; and

      a.    Enter any other order the Court deems proper under the evidence and circumstances.

Dated: July 22, 2010.

>s/PEDRO E. HERNANDEZ
>Ronald L. Kammer
>Florida Bar No. 360589
>rkammer@hinshawlaw.com
>Pedro E. Hernandez
>Florida Bar No. 30365
>phernandez@hinshawlaw.com
>HINSHAW & CULBERTSON LLP
>9155 S. Dadeland Boulevard, Suite 1600
>Miami, Florida 33156-2741
>Telephone: 305-358-7747
>Facsimile: 305-577-1063
>*Counsel for Mid-Continent Casualty Company*